UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RETAINED REALTY, INC., | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3-06-cv-493 (JCH) |
| | : | |
| THE ESTATE OF JACK SPITZER, | : | |
| et al, | : | |
| Defendants. | : | APRIL 10, 2007 |

**RULING RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 73) AND DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (Doc. No. 74)**

Plaintiff Retained Realty has brought this action against the defendants, The Estate of Jack Spitzer and its heirs, Charlotte Spitzer, Robert Spitzer, and Jil Spitzer-Fox (collectively referred to hereinafter as the "Estate"); Kate McCabe;[1] Steven Vass;[2] the State of Connecticut;[3] and Wachovia Bank, National Association ("Wachovia"), seeking foreclosure on the Estate. While the Estate has stipulated to foreclosure (Doc. No. 76), the Estate has moved for partial summary judgment seeking to prevent Retained Realty from obtaining a deficiency judgment and attorney's fees and costs stemming from the foreclosure.

For the reasons that follow, Retained Realty's Motion for Summary Judgment (Doc. No. 73) is GRANTED, and the Estate's Motion for Partial Summary Judgment (Doc. No. 74) is DENIED.

---

[1]McCabe withdrew her opposition to Retained Realty's motion for summary judgment on March 28, 2007 (Doc. No. 84).

[2]Vass has been defaulted from this suit by order of the court dated December 8, 2006. See Order of Default (Doc. No. 66).

[3]The State of Connecticut has been defaulted from this suit by order of the court dated October 2, 2006. See Order of Default (Doc. No. 35).

## I. STANDARD OF REVIEW

In a motion for summary judgement, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgement as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000). Once the moving party has met its burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor in order to defeat the motion. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgement is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton, 202 F.3d at 134. "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

## II. BACKGROUND[4]

By his note dated January 23, 2004 (the "Note"), Jack J. Spitzer, through McCabe acting as his Attorney-in-Fact, promised to pay Emigrant Mortgage Company, Inc. ("Emigrant") the principal sum of $1, 100, 000.00. The principal was to be payable

---

[4]The underlying facts in this case are not in dispute.

with interest as provided in the Note.  By his Mortgage Deed (the "Deed") of the same date, Mr. Spitzer secured the Note by mortgaging to Emigrant a certain parcel of land located in the Town of Branford.  On May 30, 2002, Spitzer executed a second mortgage with Wachovia in the principal amount of $507, 500.00.  This mortgage was subordinated to the mortgage held by Retained Realty on January 15, 2004.

Mr. Spitzer died on July 31, 2004.  His will is currently being probated in the Superior Court of Washington County for King County.  After Spitzer's death, a Probate Notice to Creditors was filed with the Superior Court on October 1, 2004, and it was published on October 4, 2004.  The notice was published for three consecutive weeks. On March 29, 2005, the personal representative of the Estate mailed the Notice to Emigrant.

On December 13, 2005, Emigrant assigned the mortgage to Retained Realty, who is now the holder of the Note and Mortgage.  Because the principal and interest due on the Note were never paid, Retained Realty exercised its option to declare the entire amount on the Note due and payable.

McCabe, who is currently a tenant in the property that is the subject of dispute, attempted to quit claim a portion of this land to Vass.  However, as McCabe did not have any ownership interest that would authorize her to make such a transfer, Vass also does not have an ownership interest in this property.

III.    DISCUSSION

    A.    Retained Realty's Motion for Summary Judgment

    The uncontested facts in the record demonstrate that Retained Realty is the

owner of the Note and mortgage in question, and that the Estate defaulted on the Note.

Wachovia has admitted that its interests in the Note are subordinate to Retained

Realty's interests, and the remaining defendants do not have priority.  Under

Connecticut law, Retained Realty is entitled to a judgment of foreclosure.  See Webster

Bank v. Flanagan, 51 Conn.App. 733, 750-51 (Conn.App. 1999).  The court therefore

grants Retained Realty's motion for summary judgment.

**B.     The Estate's Partial Motion for Summary Judgement**

In its partial motion for summary judgment, the Estate asserts that Retained

Realty's claims against the Estate for a deficiency judgment and attorneys' fees and

costs are barred under Washington State probate laws.  According to the Estate,

Retained Realty is precluded from bringing these claims because Emigrant, Retained

Realty's predecessor in interest, failed to file a timely claim against the Estate.  The

Estate premises this argument on section 11.40.051 of the Revised Code of

Washington.  In relevant part, this provision states that, after a creditor is given actual

notice by the estate's personal representative, the creditor must file any claims against

the estate within thirty days of receiving such notice.  RCW § 11.40.051.  Thus, the

Estate contends that Retained Realty is forever barred from bringing a deficiency

judgment because Emigrant failed to file a claim against the Estate within thirty days of

receiving the Notice on March 29, 2005.

The Estate's claim is without merit.  While it is true that RCW § 11.40.051

applies in foreclosure actions where a deficiency judgment is brought against an estate,

see, e.g., Locke v. Andrasko, 178 Wash. 145, 154 (1934), it is unnecessary for a

creditor to file a such a claim with an estate "where the claim did not arise until after the

death of the intestate." <u>Foley v. Smith</u>, 14 Wash.App. 285, 294 (1975). Spitzer died in July 2004. The Estate did not miss payment on the Note until April 2005. Hence, because there is no dispute that Retained Realty's claim for a deficiency judgment did not arise until after Spitzer's death, RCW § 11.40.051 is inapplicable. The Estate's motion for summary judgment is therefore denied.

## IV.    CONCLUSION

For the foregoing reasons, Retained Realty's Motion for Summary Judgment (Doc. No. 73) is GRANTED, and the Estate's Motion for Partial Summary Judgment (Doc. No. 74) is DENIED. This matter will proceed to a foreclosure hearing.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 10th day of April, 2007.


      /s/ Janet C. Hall
Janet C. Hall
United States District Judge