# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| RETAINED REALTY, INC. : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 3:06-CV-0493 (JCH) |
| : | |
| THE ESTATE OF JACK J. : | |
| SPITZER, ET AL., : | |
| : | JULY 26, 2007 |
|     Defendants. : | |

## RULING ON ATTORNEY'S FEES

This action arises out of a foreclosure of a residential mortgage. Plaintiff, Retained Realty, Inc. ("Retained Realty"), brought a Motion for Strict Foreclosure seeking, in part, attorneys' fees pursuant to the terms of the mortgage entered into between the parties. Pl.'s Mem. in Supp. ("Pl.'s Mem.") at 4 (Doc. No. 101). That Motion was granted, subject to a determination by the court on the reasonableness of the attorney's fees. Hearing, June 19, 2007 (Doc. No. 102). The defendants, the Estate of Jack J. Spitzer, Et Al., ("The Estate"), consent to the entering of a Judgment of Strict Foreclosure, but object to the sum requested by Retained Realty as to attorney's fees. Def.'s Partial Obj. to Pl.'s Mot. for Judg. of Strict Forcl. ("Def.'s Obj.") at 1 (Doc. No. 99).

Retained Realty seeks attorneys' fees in the amount of $88,860.00. The Estate argues that Retained Realty's calculation of attorney's fees is unreasonable because Retained Realty's counsel, Attorney Robert A. Ziegler ("Ziegler"), spent unnecessary hours: (1) preparing a duplicative state foreclosure action that was ultimately withdrawn; (2) dealing with title issues; (3) updating and maintaining his file; and (4) putting together his affidavit of attorney's fees. Def.'s Mem in Supp. of Partial Objection to Mot. for Strict

Forcl. ("Def.'s Mem.") at 6-7 (Doc. No. 99).

**DISCUSSION**

"In diversity cases, attorneys' fees are considered substantive and are controlled by state law." Grand Union Co. v. Cord Meyer Development Co., 761 F.2d 141, 147 (2d Cir. 1985); See also, Kaplan v. Rand, 192 F.3d 60, 70 (2d Cir. 1999). "Under the American rule, adhered to in Connecticut, attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception." 24 Leggett Street Limited Partnership v. Beacon Industries, Inc., 239 Conn. 284, 310-311, 685 A.2d 305 (1996). The note in this case provided for fees and costs. Note, Ex. A at 3 (Doc. No. 15). Under Connecticut law, it is "within the discretion of the court to determine whether the effort expended was reasonable under the circumstances and to rely on its familiarity and expertise with the complex legal issues involved to determine the reasonableness of the attorney's fees." Medvey v. Medvey, 98 Conn.App. 278, 286 (2006).

The court agrees with The Estate that the number of hours Attorney Zeigler logged updating his file is unreasonable. In his record-keeping, Attorney Zeigler records one time period per day for time spent on different tasks pertaining to this case. Pl.'s Aff. of Attorney's Fees, Pl.'s Ex. 7. As such, it is not possible to determine exactly how much time Attorney Zeigler spent on individual tasks, such as updating his files. Based on a review of the daily entries which include update file entries, the court estimates that, Attorney Zeigler spent on average 0.3 hours on that task on those days. The court finds that charging Attorney Zeigler's $300 an hour rate for routine clerical tasks is unreasonable. Because Attorney Zeigler noted updating his files 30 times and charges

a rate of $300 an hour, his fee application will be reduced by $2,700. The court also agrees with The Estate that the eight hours billed by Attorney Zeigler in preparing his fee application is unreasonable. The court finds that preparing the fee application could reasonably take up to three hours. Therefore, the court reduces his fee application by five hours, which at $300 an hour is a reduction of $1500.

As to the parallel state court matter, the court finds that Attorney Zeigler's work on that matter was in some respects, but not all, duplicative of the work done for this proceeding. Accordingly, the court reduces the number of hours billed for litigating the state court matter by 50%, for a total reduction of $5,000. The court disagrees with The Estate that Attorney Zeigler could not reasonably have spent almost 20 hours "dealing with title issues" despite the fact that he relied on a title insurance company to do much of the work. Def.'s Mem. at 7 (Doc. No. 99). This action was not a "garden variety" foreclosure. There was a transfer of a portion of the property which created title issues. Pl.'s Mem. at 3 (Doc. No. 101). Therefore, the court does not reduce the award of attorney's fees due to the number of hours spent resolving title issues.

The court does not find, based on its experience and knowledge of legal hourly rates in Connecticut, that the $300 per hour sought by Retained Realty is unreasonable. While some foreclosure work could be done at a lower rate, this case was not a straightforward foreclosure.

Based on the court's assessment of the reasonable number of hours spent on various aspects of Retained Realty's representation, the court reduces the attorney's fee for updating files by $2700, the fee for preparing the fee application by $1500, and the fee for hours spent on the state court matter by $5000 for a total reduction of $9,200.

**CONCLUSION**

Based on the foregoing, the court awards Retained Realty's attorneys' fees in the amount of $79,660.

**SO ORDERED**.

Dated at Bridgeport, Connecticut this the 26th day of July, 2007.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge