UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RETAINED REALTY, INC.       :
                            :
v.                          :  CIV. NO. 3:06cv493(JCH)
                            :
MCCABE, ET AL               :
                            :

<u>Order</u>

In this diversity lawsuit, plaintiff is seeking a deficiency judgment ensuing from its foreclosure of a mortgage on property owned by the defendant's decedent, Jack J. Spitzer, in Branford, Connecticut. Mr. Spitzer died in July 2004, and his will is being probated in the State of Washington. Judge Hall entered a judgment of strict foreclosure in favor of plaintiff on July 27, 2007.

Plaintiff has noticed a deposition of the attorney for the personal representative of the Estate, Attorney Marv Strasburg, and served with the deposition notice a request for documents. The requested documents include:

1) Your entire file on the Estate of Jack J. Spitzer, including all documents filed in the Estate proceedings before the Superior Court of Washington for King County, Docket No. 04-4-04544-1 (SEA).

2) All correspondence including emails, in your possession to or from Emigrant or its counsel regarding the Loan, loan payments, default, and reinstatement of the Loan.

3) All notes, memos, diaries, emails or other documents in

1

your possession regarding or that make reference to the Loan.

4) All notes, memos, diaries, emails or other documents in your possession regarding or that make reference to the Note and Mortgage.

5) All notes, memos, diaries, emails or other documents in your possession regarding or that make reference to the Property.

6) Any and all federal estate tax returns for the Estate, and any drafts, notes, memoranda or correspondence regarding such returns.

7) Any and all documents, including applications, drafts, memoranda or correspondence arising from or relating to any ancillary proceedings in any jurisdiction regarding the Estate of Jack J. Spitzer.

8) Any and all appraisals, valuations, or drafts of appraisals or valuations of the Property that are in your possession.

Defendant seeks a protective order to limit the scope of Attorney Strasburg's deposition and his responses to plaintiff's production requests. The Court held a hearing on March 14, 2008. After hearing from counsel, Defendant's Motion for Protective Order [Doc. #144] is granted in part and denied in part.

The Estate's defense to plaintiff's application for a deficiency judgment is that such an application is barred under Washington law by the plaintiff's failure to file a timely claim against the Estate as prescribed by the Probate Statutes of the State of Washington. At a January 25, 2008 hearing on

plaintiff's application for deficiency judgment, defendants told Judge Hall that they intended to call Attorney Strasburg as a witness. Defense counsel proffered that the substance of Attorney Strasburg's expected testimony was that the Estate, through its personal representative, had complied with all the required statutory procedures to successfully bar plaintiff from seeking a deficiency judgment against the Estate.

Plaintiff noticed this deposition, which will be used in lieu of live testimony when the hearing resumes, to inquire into the Estate's compliance with the notice requirements under Washington probate law. Defendant contends that plaintiff's request for Attorney Strasburg to turn over "[y]our entire file on the Estate of Jack Spitzer..." is overly broad, in light of plaintiff's stated need for information to determine whether the Estate complied with all of the notice requirements under Washington law. On this record, the Court finds that Attorney Strasburg's entire file is not relevant to this action.

However, the information contained in the file that is related to the tax treatment of the Branford property would be relevant to the issues in this action. This includes those portions of tax returns of the Estate which value the Branford property or reference the mortgage or potential deficiency as a liability.

Any documents or portions of documents contained in Attorney Strasburg's file that relate to the Estate's valuation of the Branford property or treatment of the mortgage or potential

3

deficiency judgment as a liability including tax returns, will be produced, along with all documents relevant to the Estate's compliance with the notice requirements of Washington law.

The Court does not understand there to be any objection to the production of documents sought in paragraphs 2, 3, 4, 5 and 8.

The defendant's Motion for Protective Order [Doc. #147] is GRANTED in part as to paragraphs 1, 6 and 7 and DENIED in part in accordance with this Ruling.

SO ORDERED at Bridgeport this 19th day of March, 2008.

_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE