UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RETAINED REALTY, INC.<br>    Plaintiff, | :<br>:<br>:   CIVIL ACTION NO. |
| v. | :   3:06-CV-0493 (JCH)<br>: |
| THE ESTATE OF JACK J.<br>SPITZER, ET AL., | :<br>:<br>:   JULY 9, 2009 |
|     Defendants. | : |

**RULING RE: DEFENDANTS' MOTION FOR SUPPLEMENTAL ATTORNEYS' FEES**
**(Doc. No. 218)**

In a Prior Ruling (Doc. No. 217), the court granted defendants' Motion for Attorneys' Fees. Defendants The Estate of Jack Spitzer and Jack Spitzer's heirs, Charlotte Spitzer, Robert Spitzer and Jil Spitzer-Fox (collectively "The Estate") filed their Motion for Attorneys' Fees on September 26, 2008. The Estate sought attorneys' fees based upon Conn. Gen. Stat. § 42-150bb, which makes unilateral attorney's fees provisions in contracts between a "consumer" and a "commercial party" into bilateral provisions. The Motion was contested and following briefing, the court held an evidentiary hearing on May 5 and May 6, 2009. The court issued a written Ruling granting the Motion on May 19, 2009. See Doc. No. 217.

Defendants have now made a Motion for Supplemental Attorneys' Fees based upon fees incurred after September 25, 2008, the day before the Motion for Attorneys' Fees was filed. Plaintiff Retained Realty, Inc. ("Retained") objects to the Motion for Supplemental Fees on grounds similar to those already raised and decided in the original Motion, and in addition objects that this claim for fees is unreasonable. See

1

Mem. in Opposition, Doc. No. 228.  Retained has elected not to seek an evidentiary hearing on the Supplemental Motion.  Id. at 2.

In their Motion for Supplemental Fees, the Estate seeks fees in the amount of $25,011.00 for work performed between September 28, 2008, and June 1, 2009, based upon Conn. Gen. Stat. § 42-150bb.  Retained raises several objections to defendants' Supplemental Motion.  Specifically, it contends that the mortgage loan at issue is not a consumer contract within the meaning of Conn. Gen. Stat. § 42-150bb, that defendants did not successfully "defend[] an action . . . based upon the . . . lease" within the meaning of the statute and thus are not entitled to fees, and that the Connecticut statute should not apply because the court decided the matter on federal procedural and Washington state law grounds.  The court considered and rejected each of these objections in its prior Ruling and declines to revisit them at this time.  See Doc. No. 217.

Retained further objects that the defendants' claim for fees is unreasonable.  The court has discretion to determine what constitutes a reasonable fee, but a fee request must be supported by an "evidentiary showing of reasonableness."  See Rizzo Pool Co. v. Del Grosso, 240 Conn. 58, 73-77 (1997).  Therefore, the court may award only that portion of the requested fees that the court determines to have been reasonably expended in pursuit of the Estate's ultimate victory.

"Connecticut courts traditionally examine the factors enumerated in rule 1.5(a) of the Rules of Professional Conduct in calculating a reasonable attorney's fee award."  Simms v. Chaisson, 277 Conn. 319, 332 (2006).  These factors are:

> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) The likelihood, if made known to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) The fee customarily charged in the locality for similar legal services;
> (4) The amount involved and the results obtained;
> (5) The time limitations imposed by the client or by the circumstances;
> (6) The nature and length of the professional relationship with the client;
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) Whether the fee is fixed or contingent.

Model Rules of Professional Conduct, Rule 1.5(a).  The starting point for this determination is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  See Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).  The court must exclude from its calculation hours not "reasonably expended."  Id.

The court has reviewed each time entry submitted by the Estate in its Exhibit to the Motion for Supplemental Attorneys' Fees.  The court notes that the Estate has properly reduced the hours billed in accordance with this court's earlier Ruling and has also sought reimbursement at the reduced hourly rates that the court found reasonable in its earlier Ruling.  As reduced, the court determines that the Estate has claimed, at reasonable hourly rates, a reasonable amount of hours billed for work reasonably performed for the Estate.  The court therefore GRANTS defendants' Motion for Supplemental Attorneys' Fees (Doc. No. 218).  The court awards $25,011.00 in additional fees.

**SO ORDERED**.

Dated this 9th day of July 2009, at Bridgeport, Connecticut.

       /s/ Janet C. Hall
       Janet C. Hall
       United States District Judge