## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RETAINED REALTY, INC., | : | |
| Plaintiff, | : | CIVIL CASE NO. |
| | : | 3:06-CV-0493 (JCH) |
| V. | : | |
| | : | |
| THE ESTATE OF JACK J. SPITZER, | : | |
| ET AL., | : | NOVEMBER 8, 2010 |
| Defendants. | : | |

**RULING ON DEFENDANTS' SECOND MOTION FOR SUPPLEMENTAL AWARD OF ATTORNEYS' FEES [Doc. No. 240], DEFENDANTS' UPDATE TO SECOND MOTION FOR SUPPLEMENTAL AWARD OF ATTORNEYS' FEES [Doc. No. 254], AND DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE SECOND MOTION FOR ATTORNEYS' FEES [Doc. No. 253]**

## I.    INTRODUCTION

In two prior rulings (Doc. Nos. 217 & 229), the court has granted defendants' motions for attorneys' fees.  Defendants The Estate of Jack Spitzer and Jack Spitzer's heirs, Charlotte Spitzer, Robert Spitzer, and Jil Spitzer-Fox (collectively "The Estate") filed an initial Motion for Attorneys' Fees on September 26, 2008 ("First Motion for Fees," Doc. No. 177).  The Estate sought attorneys' fees based upon Conn. Gen. Stat. § 42-150bb, which converts unilateral attorneys' fees provisions in contracts between a "consumer" and a "commercial party" into bilateral provisions.  The First Motion for Fees was contested and following briefing, the court held an evidentiary hearing on May 5 and May 6, 2009.  The court issued a written Ruling granting the Motion on May 19, 2009.  See Doc. No. 217.  For reasons detailed in the Ruling, the court reduced certain time entries and adjusted the hourly rates charged by certain timekeepers.  Id. at 19-22. The court also declined to award costs under Conn. Gen. Stat. § 42-150bb.  Id. at 22-23.

On June 2, 2009, the Estate filed a Motion for Supplemental Attorneys' Fees ("Supplemental Motion for Fees," Doc. No. 218) for fees incurred in responding to Plaintiff's Motion to Amend (Doc. No. 175) and Plaintiff's Motion to Stay Proceedings Pending Appeal (Doc. No. 185), as well as fees incurred by defendants in preparation for the evidentiary hearing on the applicability of Conn. Gen. Stat. § 42-150bb to these proceedings.  The Supplemental Motion for Fees covered the period from September 25, 2008 to June 1, 2009.  By a written ruling dated July 9, 2009, the court granted defendants' Supplemental Motion for Fees.  See Doc. No. 229.

On August 10, 2010, the Estate filed a Second Motion for Supplemental Award of Attorneys' Fees ("Second Supplemental Motion for Fees," Doc. No. 240) for fees incurred in responding to Retained Realty's consolidated appeal of the District Court's decisions in this case.  This Motion covered fees incurred between June 1, 2009 and August 6, 2010.  On October 4, 2010, the Estate filed an Update to Defendants' Second Motion for Supplemental Fees ("Update to Second Supplemental Motion," Doc. No. 254) for fees incurred between August 7, 2010 and September 30, 2010.

## II.   ANALYSIS

### A.   Timeliness of Estate's Motions

Retained Realty opposes both pending Motions on the grounds that the Estate failed to timely file their fee requests.  See Pl.'s Opp. to Def.'s Mot. for Supplemental Attorneys' Fees, Doc. No. 247; Pl.'s Opp. to Def.'s Mot. for Extension of Time, Doc. No. 261.  In response, the Estate maintains that its Second Motion for Supplemental Award of Attorneys' Fees was timely, having been filed eleven days after the Clerk of the District Court docketed the Mandate from the Second Circuit Court of Appeals.  Def.'s

Reply Mem., Doc. No. 251, at 4.  In the alternative, the Estate also moves, nunc pro tunc, for an extension of time to file their supplemental fee motions.  See Doc. No. 253.

The court finds that the Estate's Second Supplemental Motion for Fees was filed within the requisite time frame.  The Summary Order from the Second Circuit was filed with the Court of Appeals on May 5, 2010.  On June 24, 2010, the Deputy Clerk stamped the Mandate containing the Summary Order as "Filed in Bridgeport." However, that Mandate was not docketed by Clerk of the District Court until July 30, 2010.  See Doc. No. 238.  Eleven days later, on August 10, 2010, defense counsel filed their Second Supplemental Motion for Fees.

Federal Rule of Civil Procedure 54(d)(2) provides that, "[u]nless a statute or a court order provides otherwise, the motion [for attorneys' fees] must . . . be filed no later than 14 days after the entry of judgment."  In the District of Connecticut, the Local Rules extend this deadline to 30 days after the "entry of judgment."  D. Conn. L. Civ. R. 11(a). At issue in this controversy is when a judgment is deemed entered under the Federal Rules.  Under Federal Rule of Civil Procedure 58(c)(2), "[f]or the purposes of these rules, judgment is entered . . . if a separate document is required, when the judgment is entered in the civil docket" and the judgment is either "set out in a separate document" or "150 days have run from the entry in the civil docket."[1]  In this case, the Second Circuit's Mandate was docketed on July 30, 2010 as a separate document, and therefore July 30, 2010 is the date judgment entered.  Because the Estate filed its Second Supplemental Motion for Fees within 30 days of the entry of judgment, the

---

[1] Rule 79(a) defines the content of the "civil docket" maintained by the clerk.

Motion is timely.  The Estate's Motion for Extension of Time to File Supplemental Fee Motion (Doc. No. 253) is accordingly terminated as moot.

       B.     <u>The Estate's Initial Request for an Award of Costs</u>

Retained Realty objected to the Estate's initial request for costs.  When granting the defendant's First Motion for Fees, the court declined to award costs under Conn. Gen. Stat. § 42-150bb.  <u>See</u> Ruling Regarding Defendant's Motion for Attorney's Fees, Doc. No. 217, at 23.  In its Reply Memorandum to the Plaintiff's Objection to the Second Supplemental Motion for Fees, the Estate acknowledged its error and withdrew its request for reimbursement of expenses.  Reply Mem., Doc. No. 251, at 1, n.1.  Thus, Retained Realty's objection is moot.

       C.     <u>Retained Realty's Objections to the Estate's Fee Calculations</u>

In Retained Realty's Memorandum of Law in Opposition to the Second Supplemental Motion for Fees, Retained Realty raises several objections to the manner in which the Estate has calculated its fee request.  Retained Realty asserts that: (1) that the Estate applied incorrect hourly rates for certain timekeepers; (2) that the Estate committed mathematical errors in calculating the sums due for several time entries; and (3) that the Estate insufficiently described the work performed for certain time entries. The court addresses each objection in turn.

       1.   Timekeeper Rates

Retained Realty correctly observes that the Estate has applied the improper hourly rate for several timekeepers.  The court set an hourly rate for Attorney Joshua Cohen of $275 in its first Ruling Regarding Defendant's Motion for Attorney's Fees, <u>see</u> Doc. No. 217, at 22, but the Estate improperly applied a rate of $375 for Cohen in its

Second Supplemental Motion for Fees.[2]  See Doc. No. 240, Ex. A.  The court set an hourly rate of $140 for Paralegal Clancy-Boy, but the Estate uses $170 per hour in the Update to the Second Supplemental Motion for Fees.  Retained Realty is also correct that Catherine Bayer's rate should be $95 per hour rather than $115 per hour.  Finally, the court resets Linda Howey's rate to $95 per hour and Nexus U. Sea's rate to $210 per hour, in keeping with the rates assigned to comparable personnel in earlier rulings.

2.  Calculation Errors

Retained Realty also correctly identified several mathematical errors in the Estate's exhibits.  The court has checked every entry for calculation errors and made adjustments where appropriate.

For the period from June 1, 2009 to August 6, 2010, the Estate initially requested $58,787.00 in fees at what it alleged were the rates set forth in this court's prior rulings.[3]  After correcting for mathematical errors and the application of improper hourly rates, the court concludes that the defendants incurred $55,323.50 in fees.  For the period from August 7, 2010 to September 30, 2010, the Estate initially requested $12,727.50 in fees at what it alleged were the rates set forth in this court's prior rulings.  After correcting for mathematical errors and the application of improper rates, the court concludes that the defendant's incurred $12,595.00 in fees.  Between its Second Supplemental Motion for Fees and the Update to the Second Supplemental Motion, the defendants are entitled to $67,918.50 in attorneys' fees.

3.  Specificity and Reasonableness of Fee Request

---

[2] Note is taken that the Estate applies a $275 hourly rate for Attorney Cohen in its Update to the Second Supplemental Motion for Fees.  See Doc. No. 254, Ex. A, at 5.

[3] The Estate continues to request market rates, but their Motion includes calculations at the rates it argues were specified by the court in its earlier ruling.

A fee request must be supported by an "evidentiary showing of reasonableness."

See Rizzo Pool Co. v. Del Grosso, 240 Conn. 58, 73-77 (1997).  Therefore, the court

may award only that portion of the requested fees that the court determines to have

been reasonably expended in pursuit of the Estate's ultimate victory.  "Connecticut

courts traditionally examine the factors enumerated in rule 1.5(a) of the Rules of

Professional Conduct in calculating a reasonable attorney's fee award."  Simms v.

Chaisson, 277 Conn. 319, 332 (2006).  These factors are:

> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) The likelihood, if made known to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) The fee customarily charged in the locality for similar legal services;
> (4) The amount involved and the results obtained;
> (5) The time limitations imposed by the client or by the circumstances;
> (6) The nature and length of the professional relationship with the client;
> (7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) Whether the fee is fixed or contingent.

Model Rules of Professional Conduct, Rule 1.5(a).  The starting point for this

determination is the number of hours reasonably expended on the litigation multiplied by

a reasonable hourly rate.  See Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).  The

court must exclude from its calculation hours not "reasonably expended."  Id.

The court has reviewed each time entry submitted by the Estate.  The court has

determined that the entries reflect a reasonable number of hours billed for work

reasonably performed by the Estate.  The entries describe the work in sufficient detail,

and the work was reasonably expended in pursuit of the Estate's ultimate victory.

Further, the court has previously determined that rates used in the calculations above

are reasonable.

**III.    CONCLUSION**

The court **TERMINATES AS MOOT** defendants' Motion for Extension of Time to File Supplemental Fee Motion (Doc. No. 253).  The court **GRANTS IN PART** and **DENIES IN PART** defendants' Second Motion for Supplemental Award of Attorneys' Fees (Doc. No. 240) and its Update to Defendants' Second Motion for Supplemental Fees (Doc. No. 254).  The court awards $67,918.50 in attorneys' fees to defense counsel.

**SO ORDERED.**

Dated this 8th day of November, 2010, at Bridgeport, Connecticut.

 /s/ Janet C. Hall_____
Janet C. Hall
United States District Judge